UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LONDON
CIVIL ACTION NO. 12-103-KSF-JGW

**ELBERT MAY**                                                                          **PETITIONER**

**V.**

**HENRETTA CREWS, WARDEN**                                               **RESPONDENT**


### REPORT AND RECOMMENDATION

Pending is a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 filed by petitioner, Elbert May. Doc. 1. For the following reasons, I recommend that the petition be denied.

**I. Factual and Procedural History**

In its August 2007 opinion affirming petitioner's convictions and sentence, the Kentucky Supreme Court related the following underlying facts:

> Appellant, Elbert May, was convicted by a Clay County jury of two counts of rape in the first degree, two counts of rape in the third degree, three counts of sexual abuse in the first degree, and one count of sodomy in the first degree. For these crimes, Appellant was sentenced to forty years' imprisonment. Appellant now appeals to this Court as a matter of right. Ky. Const. § 110(2)(b)....
>
> In 1997, Brenda Smith and her four minor girls, L.M., D.S., A.B., and S.S., moved onto Appellant's property. Over the course of the next seven years, Smith's daughters alleged that Appellant repeatedly raped, sexually abused, and sodomized them with their mother's knowledge. Appellant and Smith were eventually arrested and charged with several crimes.
>
> Appellant was tried before a jury on June 13, 2005. At the time of trial, the victims were 22, 20, 16, and 12. Appellant testified at trial, denying all accusations. Appellant was ultimately found guilty of eight sex crimes.

*May v. Commonwealth*, 2007 WL 2404445, at *1 (Ky. Aug. 23, 2007).

In January 2008, petitioner filed a motion for post-conviction relief under Kentucky Rule of Criminal Procedure (RCr) 11.42. The trial court denied the motion and the Kentucky Court of

Appeals affirmed that decision in October 2011. *See* 2011 WL 4633876 (Ky.App. Oct. 7, 2011). Petitioner submitted the pending §2254 in June 2012. Doc. 1. After considering the petition, the response, the reply and the applicable law, the Court recommends that the petition be denied.

### II. Analysis

#### A. Issues Raised

Petitioner's first argument is that his "[c]ounsel rendered ineffective assistance by failing to raise the alleged victim's history of making false allegations for purposes of impeachment." Doc. 1, p. 5. Next, petitioner argues that "[c]ounsel rendered ineffective assistance by failing to bring to the court's attention improper jury comments." *Id.* at p. 7. Petitioner's third argument is that he "was denied a fair trial by the state's introduction of evidence concerning a gun <u>after</u> the court ruled evidence of a gun should be suppressed." *Id.* at p. 8. Finally, petitioner contends that he "was deprived of a fair trial when he was given insufficient notice of his statement being used in court denying him of an opportunity to protect his miranda [sic] rights." *Id.* at p. 10. The first and second arguments were raised in petitioner's unsuccessful state post-conviction motion; the third and fourth arguments were raised in his unsuccessful direct appeal to the Kentucky Supreme Court.

#### B. Standard of Review

If a claim raised in a §2254 petition was adjudicated on the merits in state courts, a federal court may grant a habeas petition only if:

> the adjudication resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) was based upon an unreasonable determination of the facts in light of the evidence presented to the state courts.

*Willis v. Smith*, 351 F.3d 741, 744 (6th Cir. 2003).

The Supreme Court recently reaffirmed that state court decisions are entitled to considerable

2

deference in §2254 actions, holding that "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011) (internal quotation marks omitted). Accordingly, "[u]nder § 2254(d), a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Id.* To underscore the high hurdle a petitioner must cross in order to merit habeas relief, the Court reiterated that "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.*

### C. Ineffective Assistance of Counsel Claims

#### 1. Standard of Review

In order to demonstrate ineffective assistance of counsel a defendant must make two showings. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court need not address both the deficient performance and prejudice prongs if a defendant fails to make a sufficient showing on either prong. *See, e.g., United States v. DeGroat*, 102 Fed.Appx. 956, 959 (6th Cir. 2004). Finally, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Strickland*, 466 U.S. at 689. A state court's ineffective assistance of counsel determinations are entitled to

increased deference in federal habeas proceedings. *See, e.g., Smith v. Metrish*, 436 Fed.Appx. 554, 560 (6th Cir. 2011) ("As this Court has recognized, the AEDPA deference that we must accord the state court's determination in ineffective assistance of counsel cases is even greater in light of the generalized nature of the *Strickland* inquiry.") (internal quotation marks omitted).

### 2. Counsel Not Ineffective Failure to Raise Victim's Alleged False Allegations

Petitioner's first argument is that his counsel was ineffective for failing to "raise the alleged victim's history of making false allegations for purposes of impeachment." Doc. 1, p. 5. Specifically, petitioner contends that counsel knew that "the alleged victims and their mother had a history of making false allegations. The mother of the alleged victims had filed false claims against the father of the alleged victim. One of the alleged victims had filed a false claim to obtain money after a school bus accident. The family of the alleged victims had previously filed false sexual abuse charges against a different man [Kenneth Rawlings]." *Id.*

This issue was addressed by the Kentucky Court of Appeals in its decision affirming the trial court's denial of petitioner's RCr 11.42 motion as follows:

> We are not convinced trial counsel's performance was deficient, nor that but for the alleged deficiencies, the outcome of trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Based on the record provided, trial counsel actively and vigorously represented her client. We are doubtful that Rawlings, who had previously pled guilty to an unrelated sex crime against a member of Smith's family, could have persuaded May's jury that the allegation against May was false. May also fails to explain how impugning Smith's credibility with a suggestion that she defrauded the federal government to receive military pension benefits would have impeached her four daughters. Finally, defense counsel attempted to question one of the victims about proceeds she received from a school bus accident. Counsel's line of questioning was halted when the trial court sustained the Commonwealth's objection to impeachment on a collateral issue.

2011 WL 4633876, at *4.

4

The Kentucky Court of Appeals recognized and applied the proper standard for ineffective assistance of counsel claims and petitioner has not shown that decision to be so egregiously incorrect that fairminded jurists could not reasonably have reached the same conclusion. Petitioner has pointed to no clearly established federal law which is directly contrary to the state courts' decision.

In addition, petitioner's claims are insufficiently specific to entitle him to federal habeas relief. *See, e.g., Malcum v. Burt*, 276 F.Supp.2d 664, 685 (E.D.Mich. 2003) ("Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief."). For example, petitioner repeatedly mentions the purported bad reputation of the victims and their family but provides scant supporting specifics, such as the dates and locations where the victims and their family engaged in the alleged dishonest conduct (including the purportedly false sexual abuse allegations the victims had previously made). Petitioner also insists at length that prior abuse claims against Rawlings were false yet petitioner does not contest the accuracy of the Court of Appeals' statement that Rawlings had "previously pled guilty to an unrelated sex crime against a member of Smith's family." 2011 WL 4633876, at *4. Moreover, despite decrying counsel's perceived failure to address the allegedly false claims made by the victims, in his reply brief petitioner admits that counsel did "attempt to cross-examine one daughter about prior false claims." Doc. 7, p. 2. In short, petitioner is not entitled to relief on this claim.

### 3. Counsel Not Ineffective for Failing to Advise Court of Jury Comments

Petitioner's second argument is that his counsel was ineffective because:

While the Petitioner was being tried on sexual offense allegations, the notorious sex offense trial of Michael Jackson was being conducted in California. In fact, the not guilty verdict in Mr. Jackson's trial was returned on June 13, 2005, the same date as Petitioner's trial. During the guilt phase of Petitioner's trial, a clerk commented on the Jackson trial during a recess and several juror's [sic] commented that Jackson would have been found guilty had they been on the jury. Counsel knew of this but

failed to raise to the court these improper comments.

Doc. 1, p. 7.

The Kentucky Court of Appeals denied petitioner's claim for state post-conviction relief, holding as follows:

> As for the alleged comment by an unnamed juror about the Michael Jackson verdict, we are not cited to any portion of the record establishing the making of the comment, to whom it was made, or by whom it may have been overheard. The only record citations provided by May are to a discussion among court personnel and trial counsel some seventeen minutes after the jury had been excused for the day and escorted out of the courtroom, and his own memorandum in support of his RCr 11.42 motion.
> Jurors were admonished not to discuss or form an opinion about "this case." This is consistent with RCr 9.70 which requires that jurors be admonished at each adjournment:
>> not to permit anyone to speak to, or communicate with, them *on any subject connected with the trial*, and that all attempts to do so should be immediately reported by them to the court, and that they should not converse among themselves *on any subject connected with the trial*, nor form, nor express any opinion thereon, until the cause be finally submitted to them.
>
> (Emphasis added). See also, KRS 29A.310(1) ("If the jury is permitted to separate, either during the trial or after the case is submitted to them, they shall be admonished by the court that it is their duty not to converse with, nor allow themselves to be addressed by, any other person *on any subject of the trial*; and that, during the trial, it is their duty not to form or express an opinion thereon, until the case is finally submitted to them.") (Emphasis added). Thus, if a juror made a comment about the Michael Jackson verdict, which is unsupported by the record, there was no violation of the court's admonition not to discuss May's case and therefore nothing for counsel to report to the court.
> May's claims being nebulous at best, and devoid of specificity as required by RCr 11.42(2), they are refuted by the face of the record. Thus, no evidentiary hearing was required.

2011 WL 4633876, at *4.

Petitioner has not shown anything specific to contradict the Kentucky Court of Appeals' conclusion that the conversation regarding Michael Jackson's criminal case occurred after the jury had been excused for the day and escorted out of the courtroom. Moreover, the Kentucky Court of

Appeals (though it had previously cited the federal standard for ineffective assistance of counsel set forth in *Strickland*) analyzed this claim based entirely on Kentucky state law. The Kentucky Court of Appeals' discussion of only state law is in accordance with petitioner's brief, which analyzed the Michael-Jackson related comments under only Kentucky state law.[1] *See* Doc. 6-7, p. 16-19. It is well settled that issues involving a state court's interpretation of state law are not cognizable on federal habeas review. *See, e.g., Bowling v. Parker*, 138 F.Supp.2d 821, 906 (E.D.Ky. 2001) ("However, neither a violation of state law nor a state court's decision applying purely state law may be reviewed by a federal habeas corpus court since any such errors in that regard are not of a constitutional magnitude."). Because petitioner has not shown the Kentucky Court of Appeals' decision to be clearly contrary to established federal law, petitioner is not entitled to relief on this issue.

### D. No Entitlement to Relief Regarding Evidence Pertaining to a Gun

Petitioner's third argument is that he was denied a fair trial because "[p]rior to trial, the court suppressed as inadmissable [sic] evidence that a gun was found in the Petitioner's vehicle when he was arrested. The trial court allowed evidence in at trial, however, that Petitioner did have a gun." Doc. 1, p. 8. The Kentucky Supreme Court affirmed the trial court's evidentiary holding in

---

[1] Petitioner cites the Sixth and Fourteenth Amendments and federal court decisions in this portion of his §2254 petition but his brief before the Kentucky Court of Appeals did not address those federal constitutional provisions. Because he did not fully present his federal constitutional argument to the state courts, petitioner is not entitled to federal habeas relief on this issue as in order to be cognizable in federal habeas review an issue must have been fully and fairly presented in state court. *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004) ("Federal courts lack jurisdiction to consider a habeas petition claim that was not fairly presented to the state courts."). Similarly, petitioner now argues in his reply brief that counsel should have inquired in voir dire as to the venire's beliefs regarding the Michael Jackson trial. However, that argument does not entitle petitioner to relief because, among other reasons, petitioner did not assert that argument in his brief to the Kentucky Court of Appeals. Doc. 6-7, p. 16-19.

petitioner's direct appeal, addressing the issue as follows:

> Appellant next alleges the trial court erred when it admitted evidence that a gun was found in Appellant's vehicle despite the fact that the gun was ruled inadmissible and suppressed prior to trial. The trial court determined that although the evidence was not admissible during the Commonwealth's case in chief, it was admissible for the purpose of impeachment.
> In *United States v. Havens*, 446 U.S. 620, 100 S.Ct. 1912, 64 L.Ed.2d 559 (1980), the U.S. Supreme Court held as follows:
>> We ... hold that a defendant's statements made in response to proper cross-examination reasonably suggested by the defendant's direct examination are subject to otherwise proper impeachment by the government, albeit by evidence that has been illegally obtained and that is inadmissible on the government's direct case, or otherwise, as substantive evidence of guilt.
>
> *Id.* at 627–28, 100 S.Ct. at 1917. "If a defendant exercises his right to testify on his own behalf, he assumes a reciprocal obligation to speak truthfully and accurately, and we have consistently rejected arguments that would allow a defendant to turn the illegal method by which evidence in the Government's possession was obtained to his own advantage, and provide himself with a shield against contradiction of his untruths." *Michigan v. Harvey*, 494 U.S. 344, 351, 110 S.Ct. 1176, 1180, 108 L.Ed.2d 293 (1990) (internal citations and quotations omitted).
> In this case, Appellant's direct testimony indicated that he never had much of a relationship with the victims other than the fact that he dated their mother and they lived on his property. He further testified that the girls damaged his property, were aggressive with him, tried to take and borrow money, and tried to live on his property without his consent. When asked whether he sexually abused the girls, Appellant firmly asserted that no such events ever occurred and stated on cross-examination that the victims lied out of hatred. This testimony was in direct contradiction to the testimony offered by the victims. The victims indicated that Appellant terrorized and abused them on a near daily basis by threatening to shoot them with a gun he always carried and intimidating them with that gun whenever they balked at having sex with him.
> Under these circumstances, we believe that the prosecutor's question regarding the gun Appellant kept around was "proper cross-examination reasonably suggested by the defendant's direct examination." *Havens*, 446 U.S. at 627. Appellant suggested on direct examination that he did not terrorize the girls and was in fact a victim of their bad behavior and vicious lies. In light of such testimony, it was clearly appropriate for the prosecutor to rebut these charges on cross-examination by inquiring about the fact that Appellant owned a gun, a critical aspect of the victims' version of events. When Appellant indicated that he did not own a gun, he was subject to impeachment by reference to the gun found in his vehicle. Accordingly, we find that the trial court did not err when it permitted reference to evidence that had been illegally obtained for the limited purpose of

>impeaching statements made by Appellant during cross-examination.

2007 WL 2404445, at *2-3 (footnote omitted).

The Kentucky Supreme Court cited applicable United States Supreme Court precedent regarding use of otherwise inadmissible evidence to impeach a defendant who testifies in his own behalf. Petitioner asserts in his reply that the Kentucky Supreme Court's decision was wrong because the question of gun ownership "had nothing to do" with the sexual charges against him. Doc. 7, p. 18. However, the victims testified that petitioner used a gun to intimidate them into having sex with him, which means that petitioner's possession of a gun was not the entirely unrelated, collateral issue petitioner makes it out to be.

In short, petitioner has not shown how the Kentucky Supreme Court improperly applied or unreasonably construed controlling federal precedent regarding impeachment of a testifying defendant such that no fairminded jurist could reach the same conclusion. Petitioner accordingly is not entitled to federal habeas relief. *See Harrington*, 131 S.Ct. at 786 ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision.").

### E. No Entitlement to Relief For Alleged *Miranda* Violation

Petitioner's final claim for relief is that he was deprived of a fair trial because he:

>was not given notice prior to trial that an incriminating statement he allegedly made at the time of his arrest would be used against him at trial. This failure to provide notice deprived the petitioner of an opportunity to raise an objection and seek remedies pursuant to Miranda and deprived Petitioner of a fair trial.

Doc. 1, p. 10. This issue was raised in petitioner's direct appeal but the Kentucky Supreme Court ruled that petitioner was not entitled to relief. In relevant part, the Kentucky Supreme Court held:

>In his first assignment of error, Appellant contends he was not given proper

9

notice or a hearing prior to the trial court's admission of an incriminating statement he allegedly made upon being arrested. Sheriff Ed Jordan testified that Appellant told him at the time of his arrest, "Ed, you warned me of this and I didn't take your advice." The Commonwealth argued that this statement referred to a conversation two years earlier when Sheriff Jordan confronted Appellant regarding complaints he had received about Appellant sexually abusing the girls. Appellant testified that the statement referred to a conversation he had with Sheriff Jordan years earlier in which Jordan stated, "once you get rid of them [Brenda and the girls], you better stay away because if they ever fall out with you, they will destroy you."

Appellant first argues that he was given insufficient notice that his incriminating statement would be introduced at trial. He cites RCr 7.24(1), which states, in pertinent part, "upon written request by the defense, the attorney for the Commonwealth shall disclose the substance, including time, date, and place, of any oral incriminating statement known by the attorney for the Commonwealth to have been made by a defendant to any witness ...."

In this case, Appellant concedes that the Commonwealth disclosed the time, date, place, and substance of Appellant's statement prior to trial; however, he claims the disclosure was insufficient to constitute notice because the statement was contained in a grand jury transcript provided to the defense. We are unable to discern how this fails to qualify as sufficient notice, and Appellant cites no authority which would indicate otherwise. . . .

In a related argument, Appellant claims that KRE 404(c) required the Commonwealth to give pretrial notice of its intention to offer Appellant's statement at trial. KRE 404(c) requires notice only when the Commonwealth intends to offer evidence of "other crimes, wrongs, or acts" during its case in chief. KRE 404(b), (c). In this case, Appellant claims that reference to a previous investigation is encompassed by the language "other crimes, wrongs, or acts."

Once again, Appellant offers no support for his argument and we find none in our case law. The abuse in this case was alleged to have occurred between 1997 and 2004. The previous investigation allegedly referenced by Appellant was supposedly conducted in 2002 and involved the very same crimes for which Appellant was being prosecuted. Presumably, when Sheriff Jordan investigated the case two years earlier, he was unable to gather enough evidence to charge Appellant. Since the statement does not actually refer to any "other crimes, wrongs, or acts," but rather the crimes for which Appellant was being prosecuted, it does not qualify as KRE 404(b) evidence and hence, KRE 404(c) is not applicable.

Appellant also alleges the trial court violated RCr 9.78 by failing to hold an evidentiary hearing regarding whether Appellant's statement was obtained in violation of his *Miranda* rights. RCr 9.78 states, in pertinent part, "If at any time before trial a defendant moves to suppress, or during trial makes timely objection to the admission of evidence consisting of (a) a confession or other incriminating statements alleged to have been made by the defendant to police authorities ... the trial court shall conduct an evidentiary hearing outside the presence of the jury and at the conclusion thereof shall enter into the record findings resolving the essential

10

>issues of fact raised by the motion or objection and necessary to support the ruling."
>
>In this case, Appellant never alleged a violation of his *Miranda* rights either prior to or during trial. Thus, that objection is unpreserved and not reviewable.
>
>Rather, Appellant's objection at trial was based on the premise that he was not given notice pursuant to KRE 404(c) and RCr 7.24. The trial court heard arguments by counsel at sidebar before making his ruling: Appellant claims that this is not sufficient to constitute an "evidentiary hearing" as it is envisioned by RCr 9.78. We find that error, if any, was surely harmless since none of the essential issues of fact necessary for determining Appellant's objection were disputed by the parties. Appellant did not dispute the fact that he received the grand jury transcript with Appellant's statement, nor was there any dispute as to what Appellant said. Thus, an evidentiary hearing would have been pointless. Appellant is not entitled to relief on this issue.

2007 WL 2404445, at *1-2 (citations omitted).

As with the issue involving the Michael Jackson-related comment, petitioner did not frame this issue in a federal context to the state trial court, as noted by the Kentucky Supreme Court's opinion. The *Miranda* argument raised by petitioner in this Court, therefore, is not cognizable on federal habeas relief because it was not fully and fairly presented to the state courts. *Blackmon*, 394 F.3d at 400 ("Federal courts lack jurisdiction to consider a habeas petition claim that was not fairly presented to the state courts.").

Declining to address the *Miranda* argument on the merits, the Kentucky Supreme Court instead ruled that as a matter of state law that petitioner received sufficient notice of the statements. Issues involving a state court's interpretation of state law are not cognizable on federal habeas review. *See, e.g., Bowling*, 138 F.Supp.2d at 906 (E.D.Ky. 2001) ("However, neither a violation of state law nor a state court's decision applying purely state law may be reviewed by a federal habeas corpus court since any such errors in that regard are not of a constitutional magnitude.").

Even if the Kentucky courts' opinions are leniently construed to be based on a defendant's federal constitutional right to have improperly obtained evidence be suppressed, petitioner is not

11

entitled to relief because he has not shown that the Kentucky courts' decisions were contrary to, or an unreasonable application of, any controlling federal precedent, nor has he shown that any error in the evidentiary ruling was so unconscionably egregious as to violate his right to due process and a fair trial. *See, e.g., Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003) ("When an evidentiary ruling is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief. Nonetheless, courts have defined the category of infractions that violate fundamental fairness very narrowly.  Generally, state-court evidentiary rulings cannot rise to the level of due process violations unless they offend[ ]some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental. ") (citations and quotation marks omitted).  Petitioner accordingly is not entitled to federal habeas relief.

### III. Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that the petition for writ of habeas corpus [Doc. 1] be **denied**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *see also U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985).  A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)).  Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal.  *Howard*, 932 F.2d at 509.  A party may respond to another party's objections within

fourteen days of being served with a copy of those objections.  Fed. R. Civ. P. 72(b)(2).

This the 21st day of May, 2013.



Signed By:
**J. Gregory Wehrman**
United States Magistrate Judge

G:\Larry\2254 starting April 2011\12-103LONDON, MAY, R&R.wpd