UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 12-103-KSF

ELBERT MAY   PETITIONER

v.   **OPINION & ORDER**

JOSEPH MEKO, WARDEN   RESPONDENT

\* \* \* \* \* \* \* \* \*

On June 7, 2012, the petitioner, Elbert May, *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 concerning his conviction in Clay Circuit Court [DE #1]. The respondent, Warden Joseph Meko, filed his response seeking dismissal of the petition on July 23, 212 [DE #6]. Consistent with local practice, this matter was referred to the Hon. J. Gregory Wehrman, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b).

On May 21, 2013, the Magistrate Judge filed his Report and Recommendation, recommending, based on a review of the state court record and the applicable case law, that the petition be denied [DE #8]. May filed his objections to the Report and Recommendation on June 10, 2013 [DE #9]. As a result, this matter is now ripe for review.

I.   FACTUAL AND PROCEDURAL BACKGROUND

On June 13, 2005, May was convicted of two counts of rape in the first degree, two counts of rape in the third degree, three counts of sexual abuse in the first degree, and one count of sodomy in the first degree. He was sentenced to forty years' imprisonment.

In January 2008, May filed a motion for post-conviction relief under Kentucky Rule of Criminal Procedure (Rcr) 11.42. This motion was denied by the trial court, and the Kentucky Court

of Appeals affirmed the trial court's denial in October 2011. On June 7, 2012, May filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In support of his petition, May alleges two claims of ineffective assistance of counsel based upon (1) the failure to raise the alleged victim's history of making false allegations for purposes of impeachment, and (2) the failure to bring to the court's attention improper jury comments. Additionally, May contends that he was denied a fair trial by the state's introduction of evidence concerning a gun after the court ruled that evidence of a gun should be suppressed. Finally, May argues that he was deprived of a fair trial when he was given insufficient notice of his statement being used in court denying him of an opportunity to protect his Miranda rights [DE #1].

## II. THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In his Report and Recommendation of May 21, 2013, the Magistrate Judge first set out the appropriate standard of review; namely that the Court may grant habeas relief only if

> the adjudication resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) was based upon an unreasonable determination of the facts in light of the evidence presented to the state courts.

*Willis v. Smith*, 351 F.3d 741, 744 (6th Cir. 2003). The Magistrate Judge also noted the considerable deference state courts are entitled to in § 2254 actions based on the Supreme Court's holding in *Harrison v. Richter*, 131 S.Ct. 770, 786 (2011), where the Court held that "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision."

The Magistrate Judge then turned to May's ineffective assistance of counsel claims. The Magistrate Judge thoroughly examined each claim under the standards set out in *Strickland v.*

2

*Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner must make two showings in order to demonstrate ineffective assistance of counsel. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Id* at 687.

With respect to his claim that his trial counsel failed to raise the alleged victims' alleged false allegations, the Magistrate Judge noted that this issue was addressed by the Kentucky Court of Appeals in its decision affirming the trial court's denial of his R Cr 11.42 motion. The Magistrate Judge found that May has failed to point to any clearly established federal law which is directly contrary to the state courts' decision. Additionally, the Magistrate Judge determined that May failed to provide any evidentiary support for his claim that the alleged victims made false allegations. As a result, the Magistrate Judge determined that May is not entitled to relief on this claim.

Next, the Magistrate Judge considered May's claim that his counsel was ineffective for failing to advise the Court of jury comments made by a juror during a recess. Specifically, he alleges that at the same time as his trial, the sex offense trial of pop star Michael Jackson was ongoing. After Jackson's trial concluded but during a recess during the guilt phase of his own trial, a juror commented that Jackson would have been found guilty had they been on the jury. On review of this claim, the Kentucky Court of Appeals noted that May failed to cite "to any portion of the record establishing the making of the comment, to whom it was made, or by whom it may have been overheard. The only record citations provided by May are to a discussion among court personnel and trial counsel some seventeen minutes after the jury had been excused for the day and escorted out of the courtroom. . . ." The Kentucky Court of Appeals further noted that the alleged comment

3

did not violate the court's admonition that jurors were not to discuss or form an opinion about "this case."

Reviewing the Kentucky Court of Appeals' opinion and May's petition, the Magistrate Judge concluded that May has failed to present any evidence to contradict the Kentucky Court of Appeals' conclusion that the conversation about Jackson occurred after the jury had been excused for the day and escorted out of the courtroom. The Magistrate Judge further noted that the Kentucky Court of Appeals had analyzed this claim based entirely on Kentucky law because May's brief only raised state law claims. Because it is well settled that issues involving a state court's interpretation of state law are not cognizable on federal habeas review, the Magistrate Judge determined that May is not entitled to relief on this claim.

The Magistrate Judge then turned to May's claim that he was denied a fair trial because "[p]rior to trial, the court suppressed as inadmissible [sic] evidence that a gun was found in the Petitioner's vehicle when he was arrested. The trial court allowed evidence in at trial, however, that Petitioner did have a gun." According to the Magistrate Judge's review of the state courts' opinions, the evidence was properly allowed in at trial to impeach the defendant because the victim testified that May used a gun to intimidate her during the rape. Under Supreme Court precedent, evidence that is not admissible during the prosecution's case in chief may be admissible to impeach a testifying defendant. *United States v. Havens*, 446 U.S. 620 (1980). As a result, the Magistrate Judge found that May has not shown how the Kentucky Supreme Court improperly applied or unreasonably construed controlling federal precedent regarding impeachment of a testifying defendant such that no fairminded jurist could reach the same conclusion.

4

Finally, the Magistrate Judge turned to May's claim that he was deprived of a fair trial because he was not given notice prior to trial that an incriminating statement he made during his arrest would be used against him at trial in violation of his *Miranda* rights. The Magistrate Judge noted that May failed to frame this issue in a federal context to the state trial court, thus he failed to preserve the issue. As a result, the Magistrate Judge concluded that it is not cognizable on federal habeas relief because it was not fully and fairly presented to the state courts. *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004).

### III.  *DE NOVO* REVIEW OF MAY'S OBJECTIONS

May filed objections to the Magistrate Judge's Report and Recommendation on June 10, 2013 [DE #9]. This Court must make a *de novo* determination of those portions of the Magistrate Judge's proposed findings of fact and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(c). In his objections, May first argues that there is sufficient evidence to show that his accusers and their families were not trustworthy and that his counsel failed to impeach his accusers. However, as the Magistrate Judge found, the Kentucky Court of Appeals recognized and applied the proper standard for ineffective assistance of counsel claims. Even considering his claims that the accusers and their families have a history of lying, May has not shown that the Kentucky Court of Appeals' decision was so egregiously incorrect that fairminded jurists could not have reasonably reached the same conclusion, and May has failed to point to any clearly established federal law which is directly contrary to the state courts' decision.

Additionally, in his objections, May again argues that the jury was aware of and discussed the verdict in the Michael Jackson trial. He argues that his counsel was ineffective by not objecting and by failing to raise the issue to the trial court. However, May failed to raise any federal

constitutional argument in support of this claim, and the state courts only analyzed this issue under state law. Because issues involving a state court's interpretation of state law are not cognizable on federal habeas review, May's objection is not well taken. *See Bowling v. Parker*, 138 F.Supp.2d 821, 906 (E.D.Ky. 2001).

May also objects to the Magistrate Judge's determination that evidence of his possession of a gun was admissible as impeachment evidence. He contends that the prosecutor "purposefully asked an irrelevant question so that he could then claim the 'door was open' to show the jury the suppressed gun." However, as the Magistrate Judge found, the question asked by the prosecutor was not irrelevant because the victims testified that May had used a gun to intimidate them during the rape. This is consistent with the Supreme Court's holding in *Havens* that a testifying defendant's statements are subject to proper impeachment by the government even if the impeachment involves evidence that has been illegally obtained and is inadmissible on the government's direct case. *Havens*, 446 U.S. at 627-28. Thus, May's objection on this ground also fails.

Lastly, May objects to the Magistrate Judge's finding that he was not entitled to relief based on the alleged *Miranda* violation. This issue was presented to the state courts only in the context of violating state rules and case law; May did not allege any federal argument until he filed the instant petition. The state courts determined, as a matter of state law, that May's statements were not improperly admitted. May's claim that he was deprived of a fair trial because certain incriminating statements were admitted against him in violation of his *Miranda* rights is not cognizable for the first time in this federal habeas proceeding.

For all of these reasons, as well as those set out more fully by the Magistrate Judge in his Report and Recommendation, the Court finds that May's claims fail. Therefore, the Magistrate

Judge's Report and Recommendation will be adopted as and for the opinion of this Court. In determining whether a certificate of appealability should issue as to May's claims, the Court turns to *Slack v. McDaniel*, 529 U.S. 473 (2000), for guidance. In that case, the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id.* at 484. The Court determines that May has not presented a close call or one which is "debatable" and, therefore, a certificate of appealability will not issue.

## IV. CONCLUSION

After having considered May's objections, which the Court finds to be without merit, and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Report and Recommendation. Accordingly, the Court, being otherwise fully and sufficiently advised,

**HEREBY ORDERS** that

(1) the Magistrate Judge's Recommended Report and Recommendation [DE #8] is **ADOPTED** as and for the opinion of the Court;

(2) the petitioner's objections to the Magistrate Judge's Report and Recommendation [DE #9] are **OVERRULED**;

(3) the petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [DE #1] is **DISMISSED WITH PREJUDICE**;

(4) a certificate of appealability **SHALL NOT** issue;

(5) pursuant to 28 U.S.C. § 1915, petitioner may not appeal this Order in forma pauperis, as no such appeal can be taken in good faith; and

(6) judgment will be entered contemporaneously with this order.

This July 15, 2013.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge